# Crawley v. Care Pavilion of Walnut Park

*Zachary C. Glaser* and *Edward Thomas Butkovitz,* for appellant.

*Rhonda Hill Wilson,* for appellees.

TUCKER, *J.,* Aug. 12, 2014—

## I. Procedural History

This matter is on appeal before the Superior Court of Pennsylvania from this court's order granting a motion for a new trial filed by Rebecca Crawley and Henry Perkins (hereinafter referred to as "appellees"), co-administrators of the estate of Julia May Dizzley. Order entered by J. Tucker (04/11/2014). This matter was remanded to this court from the Supreme Court of Pennsylvania for reconsideration in light of *Scampone v. Highland Park Care Ctr., LLC.,* 57 A.3d 582 (Pa. 2012), on the issue of corporate negligence.

Appellees commenced this action by filing a complaint on April 4, 2006, alleging negligence against Care Pavilion of Walnut Park (hereinafter referred to as appellant). Compl. (04/04/2006). A trial proceeded in this court before the

late Honorable Joseph A. Dych on May 12, 2008. Prior to the commencement of trial, the court precluded appellees from proceeding on a theory of corporate negligence. Trial opinion at 4, docketed (10/31/2008). Also, the court denied appellees' motion to amend complaint to restore a negligence *per se* claim. *Id.* A jury verdict for appellant was entered on May 20, 2008 with a finding that appellant herein was negligent, but that its negligence was not the factual cause of the decedent's injuries. Appellees filed a motion for post-trial relief which was denied. Order entered by J. Dych (08/25/2008), docketed (08/26/2008). Appellees appealed to the Superior Court of Pennsylvania and, pursuant to Pa.R.A.P. 1925(b), filed a concise statement of matters complained of on appeal on September 17, 2008. The Superior Court summarized appellees' matters complained of on appeal:

> (1) refusal to permit the emendation of their fourth amended complaint; (2) dismissal of their claim of negligence *per se*; (3) dismissal of their corporate negligence claims; (4) decisions regarding certain discovery issues; (5) refusal to allow the jury to be questioned on the topic of tort reform; and (6) exclusion of certain evidence.

Superior Court Memorandum (07/02/2009). Upon consideration of the matters complained of, the Superior Court affirmed judgment in favor of appellant. *Id.* Appellees filed an appeal to the Supreme Court of Pennsylvania which vacated the Superior Court's holding and remanded to this court for reconsideration in light of *Scampone v. Highland Park Care Ctr., LLC*, 57 A.3d 582

(Pa. 2012). Supreme Court judgment entered 04/17/2013.

On January 7, 2014, the honorable Lisa M. Rau of this court ordered parties' counsel to write briefs addressing the Supreme Court of Pennsylvania's remand of the case, and the parties complied. Order entered by J. Rau (01/07/2014), docketed (01/08/2014); defendant brief (03/07/2014); plaintiff brief and motion for new trial (03/10/2014); defendant reply brief (mot/pet) (03/28/2014); plaintiff sur reply (04/07/2014). Judge Leon W. Tucker was assigned this matter on April 9, 2014. Upon consideration of the parties' briefs, this court granted appellees' motion for a new trial. Order entered by J. Tucker (04/11/2014).

Appellant appealed the court's order granting the motion for new trial on May 7, 2014. Appeal to Superior Court (05/07/2014). The court ordered appellant to file a statement of matters complained of on appeal pursuant to the Pennsylvania Rules of Appellant Procedure ("1925(b) statement"). Order entered by J. Tucker (05/07/2014). Appellant filed a timely 1925(b) statement on May 28, 2014 raising the following issues, in pertinent part, on appeal:

1. The trial court erred in granting plaintiffs' motion for new trial where the original trial court acted consistent with *Scampone v. Highland Park Care Ctr., LLC.*, 57 A.3d 582 (Pa. 2012).

2. The trial court erred in granting plaintiffs' motion for new trial where any error by the original trial court in concerning plaintiffs' corporate negligence claim was harmless.

3. The trial court erred in granting plaintiffs' motion for new trial where plaintiffs failed to show they attempted to offer relevant evidence allegedly excluded by the original trial court and further failed to show that they made offer of proof concerning this evidence.

4. The trial court erred in granting plaintiffs' motion for new trial where the motion permits a new trial on the issue of negligence *per se*.

## II. Facts

Appellees allege the decedent, Julia May Dizzley, was a resident of appellant's nursing home from January 8, 2003 until April 10, 2004. Plaintiff brief and motion for new trial at 5. The decedent was allegedly determined incontinent, at risk for falls, and ambulated with the help of a cane. *Id.*

Appellees allege the decedent fell and suffered serious injury as a result of appellant's lack of nursing staff and assistive devices. *Id.* Further, appellees allege a systematic failure of care contributed to the fall. *Id.* at 6.

Following the fall, decedent was admitted to the emergency room and underwent two surgeries. *Id.* Appellees allege the decedent suffered cardiac arrest and anoxic encephalopathy as a result of trauma from her fall and anesthesia from her surgery. *Id.* The decedent passed away at a rehabilitation center on August 24, 2004; appellees allege the decedent died as a result of injuries suffered from her fall pursuant to a death certificate prepared by the Delaware County Medical Examiner. *Id.*

## III. Legal Analysis

Pennsylvania Rule of Appellate Procedure 341(c) discusses the finality requirement of orders which may be appealed. However, under Pennsylvania Rule of Appellate Procedure 311, an interlocutory appeal may be taken from an order granting a new trial. Therefore, appellant's appeal is properly taken. However, as discussed below, appellant's arguments on the topic of corporate negligence are without merit based upon the briefs and motions filed. Defendant brief (03/07/2014); plaintiff brief and motion for new trial (03/10/2014); defendant reply brief (mot/pet) (03/28/2014); plaintiff sur reply (04/07/2014). As discussed below, this court agrees with appellant's argument on the issue of negligence *per se*.

On remand, the trial court must proceed in accordance with the order of the appellate court. Pa.R.A.P. Rule 2591. A trial court may grant a motion for new trial upon consideration of a written motion which details the grounds for the motion and how the grounds were preserved before or at trial. Pa.R.C.P. No. 227.1. In considering a motion for new trial, the trial court must follow a two step process. *Hall v. Jackson*, 788 A.2d 390, 397-98 (Pa. Super. 2001). The court must first consider whether a factual, discretionary, or legal mistake was made; if such a mistake was made, the court must then determine if there are sufficient grounds for a new trial. *Id.* at 398.

A. This Court properly granted the Motion for New Trial upon consideration of the record in light of the Supreme Court of Pennsylvania's remand instructions.

Appellant claims this court erred in granting a new trial upon consideration in light of *Scampone v. Highland Park*

*Care Ctr., LLC*, 57 A.3d 582 (Pa. 2012). 1925(b) Statement ¶ 1. In a recent case involving a claim of corporate negligence against a nursing home, the Superior Court of Pennsylvania gave a detailed explanation of the evolution of the duty a skilled nursing facility owes to its patients. *Sokolsky v. Eidelman*, 93 A.3d 858, 868-871 (Pa. Super. 2014). In 1984, the Supreme Court of Pennsylvania found a hospital owed emergency room patients a duty set forth in the Restatement (Second) of Torts, § 323 (1965). *Id.* at 868-869 (citing *Riddle Mem'l Hosp. v. Dohan* 475 A.2d 1314 (1984). In 1991, the Supreme Court expanded *Riddle* when it adopted the doctrine of corporate negligence or corporate liability in *Thompson v. Nason Hosp.* 591 A.2d 703. *Id.* The Supreme Court defined the newly adopted doctrine as follows:

> Corporate negligence is a doctrine under which the hospital is liable if it fails to uphold the proper standard of care owed the patient, which is to ensure the patient's safety and well-being while at the hospital. This theory of liability creates a nondelegable duty which the hospital owes directly to a patient. Therefore, an injured party does not have to rely on and establish the negligence of a third party.

*Id.* at 869 (citing *Thompson*, 591 A.2d at 707). Following *Thompson*, the Superior Court of Pennsylvania expanded the theory of corporate negligence to other health care entities using four factors set out in *Thompson*:

> "(1) a duty to use reasonable care in the maintenance of safe and adequate facilities and equipment; (2) a duty to select and retain only competent physicians; (3) a duty

to oversee all persons who practice medicine within its walls as to patient care; and (4) a duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for the patients."

*Id.*(citing *Thompson*, 591 A.2d at 707-708).

Not until 2012 did the Supreme Court determine whether nursing facilities owed the same nondelegable duty as hospitals and other health care entities. *Id.* (referring to *Scampone*, 57 A.3d 582, 586). *Scampone* effectively permits a claim of corporate negligence against nursing-care centers and affiliated entities where the resident-entity relationship establishes a duty of care owed to the resident. 57 A.3d at 583-84. The Supreme Court of Pennsylvania affirmed the Superior Court's denial of a nonsuit on the issue of corporate negligence and remanded for proceedings to determine whether legal duties or obligations were owed by nursing-care centers to the plaintiff with a trial to follow dependent on the outcome of the inquiry. *Id.* at 607. To determine whether a duty of care exists, the trial court should apply either section 323 of the Restatement (Second) of Torts or the factors discussed in *Althaus v. Cohen*, 756 A.2d 1166 (2000). *Id.*

Upon review of *Scampone*, the Superior Court of Pennsylvania recently held that an analysis of the *Althaus* factors is imperative before extending corporate liability. *Sokolsky*, 93 A.3d at 870 (internal citations omitted). The *Althaus* factors, as quoted in *Sokolsky* are:

(1) [T]he relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk

imposed and forseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution.

*Id.* (citing *Althaus*, 756 A.2d at 1167; *see also Scampone*, 57 A.3d at 607). The *Sokolsky* court considered whether appellant produced enough evidence for a corporate negligence claim. *Id.* at 870-71. Upon review, the appellate court found no record of the trial court's application of the *Althaus* factors or section 323 of the Restatement (Second) of Torts. *Id.* Instead, the trial court dismissed the claim for lack of breach and causation upon citation to the four duties discussed in *Thompson*, 591 A.2d 703. *Id.* It was this mistake the appellate court found to be an error of law warranting a remand for reconsideration of whether appellant was owed any legal duties or obligations by the skilled nursing facility with a trial to follow dependent on the outcome of the inquiry. *Id.* (citing *Scampone*, 57 A.3d at 606-607).

Here, appellant first argues a corporate negligence claim was pursued and considered by the jury in the original trial court. 1925(b) Statement ¶1. If the original trial court committed any errors in regard to the claim, appellant believes the errors were harmless. *Id.* at 2.

Appellees provided clear examples from the record which show the issue of corporate negligence was particularly excluded by the original trial court and not properly submitted to the jury, if at all. The following excerpts were statements of the original trial court which offer proof of the patent disregard of the corporate negligence issue:

"Well, I disagree with you, *don't think it is a corporate negligence case.*" Plaintiff brief and motion for new trial at 7 (errors in original) (emphasis added).

"A corporation is also to the extent that it can be shown that some policy or procedure that they put into effect or didn't do, was a substantial factor is negligence, that would be true if you fell in a hotel room. You don't need to bring that into a medical case, all right... So *I don't think it's a relevant issue as to whether or not its corporate negligence.*" *Id.* (errors in original) (emphasis added).

"Fine. Again *I'm ruling it is not a corporate negligence case. I know of no cases extending this doctrine to nursing homes* under this circumstances that are essentially custodial care. I'm ruling that it's a negligence case and I'm ruling that the only relevant evidence that can come in, has to do with negligence in the care of Mrs. Dizzley or people similarly situated." *Id.* at 8 (errors in original) (emphasis added).

Further, the original trial court clarified its understanding of corporate negligence in its opinion docketed October 31, 2008,

I ruled that plaintiffs claim of corporate negligence was inapplicable on the facts of this case and that evidence of Care Pavilion's deficiencies in policies, practices and procedures and of its violations of state regulations was admissible only when 'directly relate[d] to the fall that day.

Trial opinion by Dych J. at 4 (citing N.T., 05/12/2008, at 16-

22, 32-36). The original trial court did not have the benefit of reviewing the *Scampone* decision as it was decided well after the trial. As the *Scampone* Court stated, and as the Superior Court of Pennsylvania recently clarified, when considering a corporate negligence claim, "the trial court must apply section 323 of the Restatement (Second) of Torts or the *Althaus* factors in order to determine if a duty of care exists." *Sokolsky v. Eidelman*, 93 A.3d at 870 (citing *Scampone*, 57 A.3d at 606-607).

Reviewing the record, this court found no such application of the *Althaus* factors or section 323 of the Restatement (Second) of Torts by the original trial court. The *Sokolsky* Court declared the mishandling of a corporate negligence claim as an error of law which was grounds for reconsideration in light of the *Althaus* factors or section 323 of the Restatement (Second) of Torts with a trial to follow depending on the outcome of the inquiry. *Sokolsky*, 93 A.3d at 870-71 (internal citations omitted). The record clearly indicates the original trial court's preclusion of a corporate negligence claim. Trial opinion by Dych J.; plaintiff brief and motion for new trial. Additionally, the record is absent of any application of the *Althaus* factors or section 323 of the Restatement (Second) of Torts to appellees' claim of corporate negligence. Trial opinion by Dych J.; defendant brief (03/07/2014); plaintiff brief and motion for new trial (03/10/2014); defendant reply brief (mot/pet) (03/28/2014); plaintiff sur reply (04/07/2014).

Upon finding a mishandling of appellees' claim of corporate negligence, this court next set out to determine if appellant owed the decedent a legal duty which would allow appellees to assert a claim of corporate negligence.

*See Scampone*, 57 A.3d at 607; *Sokolsky*, 93 A.3d at 870. Upon finding such a duty, this court found a new trial was warranted. *See id.* Here, appellees claimed the factors discussed in *Althaus* and the Restatement (Second) of Torts were met and that a claim of corporate negligence should have been considered by this court. Plaintiff brief and motion for new trial at 18-19. In the interest of brevity and pursuant with the *Sokolsky* Court's interpretation of the *Althaus* factors as "imperative," this court will only discuss its findings as to the *Althaus* factors and not those associated with section 323 of the Restatement (Second) of Torts. *See Sokolsky*, 93 A.3d at 870 (internal citations omitted). This court believes the following analysis and application of the *Althaus* factors by appellees satisfactorily shows the decedent was owed a nondelegable duty of care by appellant:

1) The relationship between the parties — the professional relationship was between [appellant] and the decedent Mrs. Dizzely, a resident at their nursing home;

2) The social utility of the actor's conduct — protect vulnerable nursing home resident in their care;

3) The nature of the risk imposed and forseeability of the harm incurred — It was a known risk that a resident who has trouble ambulating and who was incontinent should be placed in an ambulation and toileting program and the nursing home should be adequately staffed so the resident can receive the required assistance.

4) The consequences of imposing a duty upon the actor

— preventing falls that result in injury, surgery, and death in fall risk and incontinent patients in hospitals and nursing homes;

5) The overall public interest in the proposed solution — preventing falls that result in injury, surgery, and death with adequate nursing supervision in nursing homes, which is already reflected in state and national nursing home legislation.

Plaintiff brief and motion for new trial at 18 (errors in original). When considering these factors, the *Althaus* Court noted a duty of care "is necessarily rooted in often amorphous public policy considerations, which may include our perception of history, morals, justice and society." *Althaus*, 756 A.2d at 1169 (2000) (internal citations omitted). Bearing this in mind, a discussion ensues on the applicability of the *Althaus* factors to this case.

Upon review of the facts and record, this court found the relationship between the appellant and the decedent is one which weighs in favor of establishing professional obligations and legal duties. *See id.* at 1169-70. As a resident, the decedent was incontinent and at risk for falls. Plaintiff brief and motion for new trial at 5. The decedent's admission to the nursing facility implies and her and her family's expectation that she would be properly cared for. The appellant was no doubt on notice of such expectations as they are in the business of providing skilled nursing care.

Next, this court found that weighing the social utility of appellant's action against the nature of the risk and

forseeability of harm weighs in favor of establishing professional obligations and legal duties. *See id.* at 1170. This court recognizes the great social utility of appellant's work. Providing care for those who require skilled nursing, particularly those who are elderly, as here, is an important task. What this court found more important is that such care is rendered in a proper manner. As the name implies — skilled nursing centers require just that — skilled care. Negligent care of those requiring such attention can cause undue hardship and burden for residents and their loved ones. Establishing legal duties which impute direct liability to skilled nursing care facilities therefore ensures the safety of those cared for. The court therefore found the nature of risks and forseeability of harm to the decedent through negligent care weighs in favor of creating a legal duty when compared to the social utility of appellant's work.

Upon considering the consequences imposed upon the appellant through the creation of a duty, this court found such an imposition to be appropriate. *See id.* at 1170-71. Assigning appellant a duty which imputes direct liability ideally creates a consequence of increased oversight and care for those appellant looks after. While this may come at the risk of increased cost, so be it. This court believed properly skilled nursing care at an increased cost is a far better consequence than negligent care provided at a lower cost.

Lastly, this court found assigning a legal duty to appellant is in the public interest. *See id.* at 1171. As appellees point out, both federal and Pennsylvania regulations pertaining to skilled nursing or long term care facilities exist. Plaintiff

brief and motion for new trial at 18, 21. As the court has stated, there is a great social utility in providing skilled nursing care. Assuring residents receive proper care through assigning a legal duty prevents undue financial, emotional, and physical burdens on the residents and their families.

Upon weighing the *Althaus* factors as applied to this case, this court finds the imposition of a duty is warranted. Appellant's work is of great social utility, and the imposition of a duty could come at increased cost. However, the relationship of the parties, the public interest, and the forseeability or risk of harm tips the scale in favor of appellees. This court finds the imposition of a duty to ensure quality skilled nursing care to be in the interests of morals, justice, and society. *See Althaus*, 756 A.2d at 1169.

After concluding the original trial court mishandled appellee's corporate negligence claim, this court found a legal duty owed by appellant to the decedent upon application of the *Althaus* factors. Pursuant to this court's reading of *Scampone* and *Sokolsky* a new trial was therefore warranted. Thus, appellant's claim that the original trial court acted consistent with *Scampone* is without merit. *See* 1925(b) statement ¶1.

B. The errors made by the original trial court were grounds for a new trial.

Appellant next argues that any error made by the trial court was harmless. *Id.* at ¶ 2. Appellant argues the jury's finding of breach of duty, but not causation supports this argument. *Id.* Appellant also claims that allowing the

jury to consider a corporate negligence claim would not have changed the jury's verdict on causation. *Id.* Lastly, appellant argues that appellees were permitted to present relevant evidence to the jury. *Id.*

An irregularity at trial or differing judicial opinion is not itself grounds for a new trial. *Harman v. Borah*, 756 A.2d 1116, 1122 (2000) (internal citations omitted). The moving party must show prejudice from a mistake. *Id.* While this court has already determined an error of law warranting a new trial, this court finds appellees demonstrated prejudice as a result of the original trial court's errors.

Appellant's arguments that the jury verdict would be the same and that proper evidence was allowed are without merit. Appellees have shown no charge was given on corporate negligence. Plaintiff brief and motion for new trial at 12. In fact, the charge quoted by appellees closely tracks the suggested charge found in §6.30 of the Pennsylvania Suggested Standard Civil Jury Instructions which falls under the chapter of agency with vicarious liability. Plaintiff brief and motion for new trial at 12; PA-JICIV 6.30, Pa. SSJI (Civ), § 6.30 (2013). The opinion of the original trial court clarifies its approach, "All the defendant actors were either Care Pavilion employees or agents whose conduct exposed the corporation to vicarious liability, and so the jury was told." Trial opinion by Dych J. at 5-6.

As the *Scampone* Court made clear, the fact that a corporation acts through its agents is *not* "a fatal impediment to haling a corporation into court on direct

liability tort claims." 57 A.3d at 598 (internal citation omitted). The *Scampone* Court further noted that vicarious and direct negligence theories are distinct policies which serve complimentary purposes. *Id.* As the record indicates, only vicarious liability was charged to the jury. Appellant's argument that the verdict would be the same is without merit because the jury was precluded from considering the claim. Appellant would have this court believe a charge and verdict on vicarious liability would be the same as a charge and verdict on direct liability. However, as the *Scampone* Court clarified, both of these theories are distinct. *Id.* Appellees have been prejudiced by the preclusion of their corporate negligence claim. Appellant's argument otherwise is without merit.

Furthermore, appellee's have shown that the original trial court precluded evidence which prevented the jury from properly hearing a corporate negligence claim. Appellees cite to numerous examples of evidence preclusion including: (1) The original trial court's preclusion of systemic failures. Plaintiff brief and motion for new trial at 8. (2) Appellees arguement for allowance of systemic failures including understaffing, to which the court reiterated its preclusion of corporate negligence and limited evidence to negligence concerning the fall. *Id.* at 10-11. (3) The court's granting of appellant's motion filed to preclude evidence of understaffing and under-budgeting. *Id.* at 19. (4) The court's preclusion of expert testimony about regulation violations. *Id.* at 20.

Appellees argue that such evidence would have supported a claim of corporate negligence, as it supports their argument that appellant's systemic failures were a

factor in the decedent's fall. *Id.* Appellees argue that not just evidence immediately relevant to the decedent's fall but also evidence of appellant's cumulative nature of deficient care throughout the decedent's stay should have been allowed. *Id.* at 20-21. Upon argument against the court's preclusion of systemic failures, the court explained that corporate negligence had not been expanded to nursing homes. *Id.* at 10-11. Notwithstanding the original trial court's errors in preclusion of a corporate negligence claim warranting a new trial, this court finds the charge of only vicarious liability and preclusion of evidence regarding corporate negligence were errors of law which prejudiced appellees and warranted a new trial.

C. Appellees are not entitled to a new trial in regard to their negligence *per se* claim.

On appeal, appellant claims that appellees are not entitled to a new trial on the issue of negligence *per se*. 1925(b) Statement ¶ 4. This court agrees. *Scampone* does not address negligence *per se* and thus places the issue outside the scope of this court's jurisdiction as this case was issued for reconsideration in light of *Scampone*. 57 A.3d 582. Furthermore, the Superior Court noted that appellees' claim of negligence *per se* was waived on appeal as they did not seek post trial relief on the issue. Superior Court opinion entered (07/02/2009). Any proceedings of this matter before this court will thus exclude the issue of negligence *per se*.

## IV. Conclusion

This court properly granted appellees' motion for new trial upon reconsideration in light of *Scampone v. Highland*

*Park Care Ctr., LLC.*, 57 A.3d 582 (Pa. 2012). In review of the record, this court found the original trial court committed an error of law when it mishandled appellees' claim of corporate negligence. Pursuant to *Scampone* and *Sokolsky*, this court then inquired if a new trial was warranted by testing the application of the *Althaus* factors and section 323 of the Restatement (Second) of Torts. Upon finding both applied, this court granted a new trial. Appellant's claims that any errors committed by the trial court were harmless or that appellees failed to show they attempted to produce proper evidence are without merit. This court finds appellant's argument that negligence *per se* is outside the scope of remand is with merit as the court finds it was waived. This court will thus preclude negligence *per se* in any future proceedings.